IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINA ROSS,

*Plaintiff,*

v.

MAYOR & CITY COUNCIL OF
BALTIMORE, *et al.,*

*Defendants.*

Civil Action No. ELH-14-369

**MEMORANDUM OPINION**

Regina Ross, plaintiff, filed suit in the Circuit Court for Baltimore City on December 23,

2013, raising allegations of negligence against two defendants:  the Mayor and City Council of

Baltimore (the "City"), and Devon W. Mack.  *See* ECF 2 ("Complaint").[1]  Suit arises from a

motor vehicle accident involving plaintiff and Mr. Mack, who plaintiff identifies as an employee

of the City.  *See id.* ¶ 1.  Defendants removed the action to this Court on February 6, 2014, on the

basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  *See* ECF 1 (Joint Notice of

Removal).[2]

Two motions are now pending.  Plaintiff has filed a Motion to Remand (ECF 17-1,

"Remand Mot.") and a supporting memorandum (ECF 17-2, "Remand Mem.").  The City has

filed an opposition to plaintiff's Motion to Remand (ECF 18) and a supporting memorandum

---

[1] In the Complaint, plaintiff identified the individual defendant as "Mack D. Wayne." However, in the Joint Notice of Removal (ECF 1), defendants assert that plaintiff misidentified the individual defendant and that his actual name is Devon W. Mack.  *Id.* at 1 & n.1.  In the caption of her Amended Complaint (ECF 14), plaintiff corrected the individual defendant's name to read "Devon W. Mack," and the docket has been revised accordingly.

[2] According to defendants, removal was timely, pursuant to 28 U.S.C. § 1446(b), because the Joint Notice of Removal was filed within 30 days after service upon both defendants.  Joint Notice of Removal ¶¶ 2, 9.  Plaintiff does not dispute that contention.

(ECF 18-1, "City Opp."), to which plaintiff replied (ECF 21-1).  Mack also filed an opposition to the Motion to Remand (ECF 20) and a supporting memorandum (ECF 20-1, "Mack Opp."), to which plaintiff has also replied (ECF 24-1).

In addition, Mack has filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF 15, the "Motion to Dismiss"), pursuant to Fed. R. Civ. P. 12(b)(6), and a supporting memorandum (ECF 15-1, "MTD Mem.").[3]  Plaintiff filed an opposition to Mack's Motion to Dismiss (ECF 19-1) and a supporting memorandum (ECF 19-2, the "MTD Opp.").

No hearing is necessary to resolve the motions.  *See* Local Rule 105.6.  For the reasons that follow, I will deny both motions.

## I. Background[4]

The motor vehicle accident occurred in the late morning of August 18, 2011, in Baltimore, Maryland.  ECF 14 ("Amended Complaint") ¶ 1.  At the time of the accident, plaintiff was "seated in her tractor trailer, stopped in a parked position facing southbound on Monument Street at its intersection with Pulaski Highway."  Her vehicle was struck by another truck, owned by the City "and operated by its agent and employee, [Mr. Mack], in a reckless, careless, and negligent manner . . . ."  *Id.*  Specifically, Mack acted negligently by, *inter alia*, failing to keep his truck "under proper control"; failing to operate it "at a reasonable and proper speed under the

---

[3] On March 27, 2014, Mack filed a motion to dismiss plaintiff's original Complaint (ECF 11), which I denied as moot, and without prejudice, in light of plaintiff's filing of the Amended Complaint.  ECF 13 (Order of March 31, 2014).

[4] This Background is drawn from plaintiff's Amended Complaint (ECF 14).  As discussed, *infra*, for purposes of assessing the motion to dismiss, plaintiff's factual allegations are taken as true.  *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

then existing highway and traffic and weather conditions"; "[f]ailing to keep a proper lookout";

maneuvering his truck "from a lane of traffic into a parking lane occupied by" plaintiff's tractor

trailer, when such a move "could not be safely made"; and "[f]ailing to avoid a collision" when it

was apparent that continuing along the same course would result in a collision. *Id.* ¶ 3.  Due to

the collision, plaintiff suffered "serious painful and probably permanent injuries about her

head[,] body[,] and limbs, with consequent physical pain and mental anguish requiring medical

care and treatment incurred at great expense," as well as lost wages. *Id.* ¶ 2.

## II.  Legal Standards

### A.  Subject matter jurisdiction

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent

a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "A

court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until

jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir.

2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting

jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010);

*accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).  Thus, "[i]f a plaintiff files

suit in state court and the defendant seeks to adjudicate the matter in federal court through

removal, it is the defendant who carries the burden of alleging in his notice of removal and, if

challenged, demonstrating the court's jurisdiction over the matter."  *Strawn v. AT&T Mobility

LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

"A challenge to a federal court's jurisdiction 'can never be forfeited or waived' because it concerns [the court's] 'very power to hear a case.'" *Gaines Motor Lines, Inc. v. Klaussner Furniture Industries, Inc.*, 734 F.3d 296, 301 (4th Cir. 2013) (quoting *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007)) (internal quotation marks omitted).  Indeed, even in the absence of a challenge to jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *accord Gaines Motor Lines*, 734 F.3d at 301.

## B.  Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."  Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 n.3 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555.  But, the rule demands more than bald accusations or mere speculation.  *Id.*; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at

556.  In other words, the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570; *see Iqbal*, 556 U.S. at 684; *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

In reviewing such a motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir.), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010).  However, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient.  *Twombly*, 550 U.S. at 555.  Moreover, the court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe*, 579 F.3d at 385-86.

A Rule 12(b)(6) motion will be granted if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679 (citation omitted).  "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1960 (2012).  "'Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.'"  *Hartmann v. Calif. Dept. of Corr. & Rehab.*, 707 F.3d 1114,

1122 (9th Cir. 2013) (citation omitted); *accord Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Reg. Sys., Inc.*, 680 F.3d 1194, 1201-02 (10th Cir. 2011) ("When reviewing a 12(b)(6) dismissal, 'we must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.' Dismissal is appropriate if the law simply affords no relief.") (citation omitted).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted), unless such a defense can be resolved on the basis of the facts alleged in the complaint.   *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).   "This principle only applies, however, if all facts necessary to the affirmative defense '*clearly appear*[ ] *on the face of the complaint*,'" or in other documents that are proper subjects of consideration under Rule 12(b)(6).   *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ."   *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013).   In considering a challenge to the adequacy of the Complaint, however, the court "may properly consider documents attached to a complaint or motion to dismiss 'so long as they are integral to the complaint and authentic.'"   *Anand v. Ocwen Loan Servicing, LLC*, --- F.3d ----, 2014 WL 2535405, at *2 (4th Cir. June 6, 2014) (quoting *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also E.I. du Pont de Nemours & Co.*, 637 F.3d at 448.

- 6 -

To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

## III. Discussion

### A. Plaintiff's Motion to Remand

In the Motion to Remand, plaintiff raises two principal arguments.  First, plaintiff contends that because she seeks $70,000 in damages in the *ad damnum* clause of the Amended Complaint, the amount in controversy falls short of the $75,000 threshold required to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Remand Mot. at 1; Remand Mem. at 2. Second, plaintiff contends that, because both defendants are citizens of Maryland, the state in which the action was commenced, removal was improper pursuant to 28 U.S.C. § 1441(b). Remand Mot. at 2; Remand Mem. at 2-3.  In connection with the Motion to Remand, plaintiff also seeks attorneys' fees.  *Id.* at 2; Remand Mem. at 3-4.

Defendants oppose plaintiff's Motion to Remand and the associated request for attorneys' fees.  *See* ECF 18; ECF 20.  According to defendants, plaintiff's amendment of the *ad damnum* clause following removal does not deprive this Court of jurisdiction.  City Opp. at 3-4; Mack Opp. at 3-4.  Defendants also maintain that plaintiff waived her objection based upon 28 U.S.C. § 1441(b), on the ground that plaintiff failed to move for remand within 30 days of removal. City Opp. at 2-3; Mack Opp. at 2-3.

### 1.  Amount in controversy

Regarding the amount in controversy, plaintiff's original Complaint sought "damages in excess of Seventy-Five Thousand ($75,000.00) Dollars."  *Id.* at 3.   In their Joint Notice of Removal, defendants noted that the then-operative Complaint sought damages in excess of the $75,000 threshold established in 28 U.S.C. § 1332.  ECF 1 at 2.  Following removal, on March 28, 2014, plaintiff filed a motion to amend the Complaint, *see* ECF 12, which the Court granted on March 31, 2014.  ECF 13 (Order).  The Amended Complaint contains a revised *ad damnum* clause, seeking damages of $70,000.

Diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  In order to establish the amount in controversy for purposes of diversity, "the sum claimed by plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007); *Joy Family Ltd. Partnership v. United Financial Banking Companies, Inc.*, 2013 WL 4647321, at *6 (D. Md. 2013); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount.").

Of import here, in the context of actions removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal.  *See, e.g.*, *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("federal jurisdiction [is] fixed at the time . . . [the] notice of removal is filed"); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d

880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90); *Francis v.*

*Allstate Ins. Co.*, 869 F. Supp. 2d 663, 667-68 (D. Md. 2012) ("If, at [the time of removal], the

parties are citizens of different states and the amount in controversy exceeds $75,000, the Court

has jurisdiction on the basis of diversity—'regardless of later changes in . . . the amount in

controversy.'") (quoting *Porsche Cars North America, Inc. v. Porsche.net*, 302 F.3d 248, 255-56

(4th Cir. 2002)); *Vinson v. Bank of America, N.A.*, 2011 WL 1326058, at *2 (D. Md. Apr. 4,

2011) ("[B]ecause the parties are admittedly diverse and the amount in controversy at the time of

removal exceeded $75,000, this Court possesses diversity jurisdiction pursuant to 28 U.S.C.

§ 1332."); *Floyd v. Yanonis*, 2009 WL 3231627, at *1 (D. Md. Oct. 5, 2009) (denying motion to

remand and observing that "at the time the complaint was filed and at the time of removal, the

amount in controversy exceeded the statutory amount").

     Notably, "the Supreme Court has held that a plaintiff with a claim potentially exceeding

$75,000 'may resort to the expedient of suing for less than the jurisdictional amount, and though

[the plaintiff] would justly be entitled to more, the defendant cannot remove.'" *Mary L. Martin,*

*Ltd. v. State Auto Property and Cas. Ins. Co.*, 2013 WL 2181206, at *2 (D. Md. May 17, 2013)

(quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 294).  But, in general, "a court determines the

existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in

originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche*

*Cars North America*, 302 F.3d at 255-56 (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*,

498 U.S. 426, 428 (1991)) (further stating that "it is black-letter law that the conditions that

create diversity jurisdiction . . . need not survive through the life of the litigation"); *see, e.g.,*

*Freeport-McMoRan, Inc.*, 498 U.S. at 428 (Supreme Court has "consistently held that if

[diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events").

Numerous courts have concluded that federal courts retain subject matter jurisdiction where a plaintiff amends the complaint after removal so as to place the amount in controversy below the jurisdictional threshold.  *See, e.g.*, *Jones v. Compass Bancshares Inc.*, 339 F. App'x 410, 411 (5th Cir. 2009) ("It is well established that the amount in controversy is determined at the time of removal."); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction" after removal); *Fryer v. ProtoHIT, Inc.*, 2012 WL 3292936, at *2 (D. Utah Aug. 10, 2012) ("'[P]laintiff's later amendment which reduced the amount in controversy does not destroy the Court's jurisdiction.'") (citation omitted); *Sell v. Hertz Corp.*, 2009 WL 2998983, at *1 (D. Utah Sept. 18, 2009) ("[I]t is well settled that once the district court's diversity jurisdiction attaches at the time of removal, a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by reducing the amount in controversy."); *Bunch v. Wal-Mart Stores, Inc.*, 2009 WL 1076162, at *3 (N.D. Ind. Apr. 20, 2009) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

In *Gardner v. AMF Bowling Centers, Inc.*, 271 F. Supp. 2d 732, 733 (D. Md. 2003), Judge Blake of this Court summarized the applicable principles:

> Diversity jurisdiction is determined as of the date the suit is filed.  *See, e.g.*, *Porsche Cars N. Am., Inc.*[, 302 F.3d at 255-56] (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the

amount in controversy") (citations omitted).   Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co.*[, 303 U.S. at 292]; *see also Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 849 (D.S.C. 1999); *Morris v. Naugle*, 722 F. Supp. 1285, 1286-87 (D. Md. 1989).  Diversity jurisdiction existed when the action was filed and removed to this court; the plaintiff's amended complaint reducing the damages claimed provides no basis for remanding this case.

Applying these principles, it is apparent that plaintiff's amendment of the *ad damnum* clause following removal does not defeat federal jurisdiction.  At the time of removal, which is the relevant time for purposes of determining this Court's jurisdiction, the operative Complaint sought damages in excess of $75,000.  *See, e.g.*, *Gardner*, 271 F. Supp. 2d at 733.  As a result, remand of this case is unwarranted based upon the revised *ad damnum* in the Amended Complaint.

### 2.  Removal by forum defendants

Plaintiff, a North Carolina citizen, seeks a remand on the ground that defendants are both Maryland citizens for diversity purposes, in violation of the "forum-state defendant rule" established by 28 U.S.C. § 1441(b)(2).  Pursuant to that provision, a state-court defendant who is "a citizen of the State in which [an] action is brought" may not remove the action to federal court on the basis of diversity jurisdiction.  *Id.*  Defendants do not contest their Maryland citizenship.  Rather, defendants argue that plaintiff waived her right to move to remand this case by failing to file her motion within 30 days of removal.  *See* City Opp. at 3; Mack Opp. at 2-3.

The "forum-state defendant rule" found in 28 U.S.C. § 1441(b)(2) is widely regarded as procedural, rather than jurisdictional.  "Although the United States Court of Appeals for the Fourth Circuit has yet to rule on this question, ten circuit courts have had occasion to address it"

and, of those ten circuits, "nine have found that removal by a forum defendant is a procedural defect, and thus waivable." *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011) (citing cases).  Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  *See also, e.g.*, *Clawson v. FedEx Ground Package System, Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("A motion to remand on procedural grounds must be filed . . . within 30 days of the notice of removal.").

In this case, the Joint Notice of Removal was docketed on February 6, 2014.  Yet, plaintiff did not file the Motion to Remand until April 4, 2014, well outside the 30-day window permitted under 28 U.S.C. § 1447(c).  Given that the "forum-state defendant" basis for remand is procedural, rather than jurisdictional, plaintiff's motion was untimely.  Accordingly, because remand is unwarranted on either ground identified by plaintiff, the Motion to Remand will be denied.

### 3. Attorneys' fees

In her Motion to Remand, plaintiff also makes a request for attorneys' fees.  Remand Mem. at 3-4.  Pursuant to 28 U.S.C. § 1447(c), on which plaintiff relies, "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *accord Cohn v. Charles*, 857 F. Supp. 2d 544,

549 (D. Md. 2012).   A decision to grant attorneys' fees lies within this Court's discretion.
*Martin*, 546 U.S. at 139.

Notably, the plain language of § 1447(c), which refers to the award of attorneys' fees in
connection with an "order remanding the case," suggests that attorneys' fees should not be
awarded when a case remains in federal court and is not, in fact, remanded.  And, courts in this
District have denied attorneys' fees even when granting motions to remand.   *See Feldman's
Medical Center Pharmacy, Inc. v. CareFirst, Inc.*, 959 F. Supp. 2d 783 (D. Md. 2013) (noting
that "'[a] plaintiff has every right to do all that is possible, within the bounds of ethical
constraints, to ensure that his case remains in state court; a defendant has an equally defensible
privilege to do all it can, under like constraints, to push or pull the action into federal court,'" and
denying a request for attorneys' fees under § 1447(c) despite concluding removal was improper)
(quoting *Sledz v. Flintkote Co.*, 209 F. Supp. 2d 559, 564 (D. Md. 2002)); *see also, e.g.*, *Mandley
Excavating, LLC v. Lund*, 2013 WL 2383661, at *4 (D. Md. May 29, 2013); *Cohn*, 857 F. Supp.
2d at 550.

To be sure, defendants' removal of this case was plainly contrary to the "forum-state
defendant rule" contained in 28 U.S.C. § 1441(b)(2).  Nevertheless, plaintiff has also erred, by
failing to file a timely motion to remand the case within 30 days of removal.  *See* 28 U.S.C.
§ 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject
matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .").
Under the circumstances presented here, plaintiff's request for an award of attorneys' fees is
unwarranted.

**B. Mack's Motion to Dismiss**

In the Motion to Dismiss, Mack asserts: "The alleged accident occurred while Defendant Mack was on duty as a driver for the Baltimore City Public School System."  MTD Mem. at 1. According to Mack, in Maryland, "[e]mployees of a school board possess total, statutory immunity from tort liability when acting within the scope of their employment, without malice or gross negligence."  *Id.* at 2 (citing, *inter alia*, Md. Code (2013 Repl. Vol., 2013 Supp.), § 5-518(e) and (h) of the Courts and Judicial Proceedings Article ("C.J.")).  In Mack's view, because plaintiff has not alleged malice or gross negligence on the part of Mack, the allegations are insufficient to overcome the immunity bar, and thus plaintiff's claim against him fails under Rule 12(b)(6).  MTD Mem. at 3.

Plaintiff does not dispute the contention that Mack was an employee of a school board at the time of the accident.  *See* MTD Opp. at 2.[5]  Rather, plaintiff maintains that Mack's argument misconstrues § 5-518, which, in plaintiff's view, provides for indemnification of a school board employee, but does not immunize a school board employee from liability for negligence under the circumstances alleged here.  *See* MTD Opp. at 2-3.

Mack's Motion to Dismiss rests upon three statutory provisions.  *See* MTD Mem. at 2. One provision, Md. Code (2014 Repl. Vol.), § 4-106(a) of the Education Article, states: "A

---

[5] In the Amended Complaint, plaintiff identifies Mack as the "agent and employee" of the City, rather than as an employee of the school board.  *Id.* ¶ 1.  However, Mack did not file a reply brief in response to plaintiff's opposition to his Motion to dismiss, nor has he otherwise pointed to any significance to this inconsistency between plaintiff's Amended Complaint and her opposition brief.

I also note that the City did not move to dismiss the Amended Complaint; rather, it filed an Answer (ECF 16).  In the Answer, the City denied that Mack is an agent or employee of the City, and asserted that he was instead an employee of the Baltimore City Board of School Commissioners.  *See id.* ¶¶ 7-8.  To date, plaintiff has not moved to amend her allegations in light of the assertions by defendants regarding Mack's actual employer.

county board employee shall have the immunity from liability described under [C.J.] § 5-518[.]"

Mack's arguments also implicate two provision of C.J. § 5-518.  Subsection (e) provides, in

relevant part: "A county board employee acting within the scope of employment, without malice

and gross negligence, is not personally liable for damages resulting from a tortious act or

omission . . . ."  Another relevant provision, C.J. § 5-518(h), states:

> Except as provided in subsection (e), (f), or (g) of this section, a judgment
> in tort for damages against a county board employee acting within the scope of
> employment, a county board member acting within the scope of the member's
> authority, or a volunteer acting within the scope of the volunteer's services or
> duties shall be levied against the county board only and may not be executed
> against the county board employee, the county board member, or the volunteer
> personally.

Regarding Mack's contention that he is immune from suit, *Board of Educ. of Prince*

*George's County v. Marks-Sloan*, 428 Md. 1, 50 A.3d 1137 (2012), is instructive.  In *Marks-*

*Sloan*, the Maryland Court of Appeals rejected the argument that C.J. § 5-518 provides a school

district employee with immunity from suit in a negligence action, where the employee acts

within the scope of employment, and without malice or gross negligence.  *Id.* at 11-12, 50 A.3d

at 1143-44.  Specifically, the *Marks-Sloan* Court concluded, *id.* at 13-14, 50 A.3d at 1144-45:

> [Section] 5-518 contains an indemnification provision that allows an injured party
> to bring a tort suit against the county board of education employee who caused the
> injury.  In accordance with the statute, the injured party must join the employer
> county board of education as a defendant in the action.  Any damages awarded
> may be executed and levied against the county board of education only and may
> not be collected from the negligent employee.

In reaching that conclusion, the *Marks-Sloan* Court observed that, "on its face," the

statute "is ambiguous with regard to whether it provides for indemnification or immunity for

county board of education employees."  *Id.* at 20; 50 A.3d at 1148-49.  However, upon

examining the legislative history, the overall statutory scheme, and similar statutory provisions,

- 15 -

the court concluded that C.J. § 5-518 does not provide a board of education employee with immunity from suit.  Rather, § 5-518 serves to limit the circumstances under which an employee may be held personally liable for damages, while further providing for indemnification by the board of education.  *See id* at 20-32; 50 A.3d at 1149-56.

Likewise, in *Doe v. Board of Educ. of Prince George's County*, 888 F. Supp. 2d 659 (D. Md. 2012), the district court rejected an argument, similar to the one offered by Mack, that C.J. § 5-518(e) immunizes an employee of a school board from liability for negligence occurring within the scope of employment.  *Id.* at 668.  As plaintiff notes, MTD Opp. at 2, the *Doe* Court concluded that this argument "reflects a misreading of § 5-518(e)."  888 F. Supp. 2d at 668.  The district court reasoned:

> Properly understood, § 5-518 does not prevent a school board employee from being adjudicated liable for negligence.  Rather, it merely requires the county to satisfy any judgment entered against the employee.  *See id.* § 5-518(h) (clarifying that "a judgment in tort for damages against a county board employee . . . shall be levied against the county board").

*Id.* (citation omitted).  *See also Brunson v. Howard County Bd. of Educ.*, 2013 WL 388985, at *5 (D. Md. Jan. 30, 2013) ("Under Maryland law, school employees are not liable when acting in the scope of their employment without malice and gross negligence.  This does not mean, however, that they are immune from suit; rather, judgments may be entered against them, but 'the county board alone is responsible for satisfying judgment.'") (quoting *Marks-Sloan*, 438 Md. at 32, 50 A.3d at 1155)) (footnote omitted).

In light of these decisions by Maryland state and federal courts, it is apparent that Mack's argument must fail.  Contrary to Mack's contentions, C.J. § 5-518 provides for indemnification

of school board employees under certain circumstances; it does not shield those employees with immunity from suit.  Accordingly, Mack's Motion to Dismiss will be denied.

### IV.  Conclusion

For the foregoing reasons, plaintiff's Motion to Remand and the associated request for attorneys' fees are denied.  Mack's Motion to Dismiss is also denied.  An Order implementing this ruling follows.

Date: June 20, 2014                                    _____/s/_____
                                                       Ellen L. Hollander
                                                       United States District Judge